OPINION
By MONTGOMERY, J.
There is pending in the Court-of Common Pleas of Cuyahoga. County Case No. 444,449, wherein-the plaintiff herein, Julia Mc-Camey, is plaintiff and the defendant herein, Harry F. Payer,, is the sole defendant. In that action, plaintiff seeks to recover - from the defendant, Payer, a substantial sum of money alleged by-her in her petition to have been-withheld by him wrongfully out of' an award to her from the Industrial Commission of Ohio growing • out of the death of her husband,, the defendant, Payer, having been, her counsel in that action.
By his third amended answer - and “counter-claim” the defend- - ant, Payer, in that action admits ■ the withholding the money by him for the prosecution of said claim ; before the Industrial Commission and before the Appellate Courts,. and is in addition to the amount awarded for services in the Court of Common Pleas. He. further pleads „ *452 in substance that this amount was retained by agreement with the plaintiff; that she expressed satisfaction with it, signed a release in full of all claims and took no action for approximately two years after this release. In his “counterclaim” he avers a lien upon that portion of the fund so withheld by him, alleging that his services were worth that amount and more.
By reply in that action, the plaintiff denies the affirmative allegations of this third amended answer and counter-claim.
With the issues so made, the defendant, Payer, filed an application in the court of common pleas for an order of reference, averring that the action was one in equity. The court granted the order, but has not actually made the appointment of a referee.
That being the situation in that action in the court of common pleas, the plaintiff, Julia McCamey, files this original action in this court, seeking by her amended petition a writ of mandamus to require the judges of the court of common pleas to reclassify said case No. 444,449 assign the same for trial to a jury, and that they be prohibited from hearing and determining said action as an equity proceedings or appointing any referee to hear and determine the same.
The defendant, Payer, filed an answer to this amended petition in which he set up the previous history of the litigation between the parties, averred that the action pending in the court of common pleas is an equitable proceeding, and therefore, asked for the dismissal of the amended petition in the instant case. A reply being filed by the plaintiff to this answer, the cause was submitted to this court upon the pleadings and a small amount of record evidence.
The litigation between Mrs. Mc-Camey and the defendant, Payer, has been long and involved, having passed in different forms through the courts of Cuyahoga County and having been to the Supreme Court at least twice.
Attention is directed to the decision of she Supreme Court as reported in 135 Oh St 660.
We will determine first the right of the plaintiff to maintain an action in mandamus. That, of course, is a special proceeding and the authority for it in Ohio rests in §12283 GC, which is in the following language:
“Mandamus is a writ issued in the name of the State to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.”
Judged by the terms of this statute it is evident that the plaintiff does not bring herself within its provisions. The court of common pleas is an inferior tribunal, but it is not declining to perform “an act which the law specially enjoins as a duty,” and the judges thereof have determined that this matter shall proceed in a given way. The only complaint now máde is that they have determined the wrong way. In other words, they are not neglecting or refusing to perform their duties, and three alternatives remain, to-wit:. Their order is right, or it is wrong, and, if wrong, possibly an abuse of discretion. If their order is right, then there is no cause for complaint. If the order is wrong, either as an error judgment, or as an abuse of discretion, then there is available for the plaintiff an adequate remedy.
It is urged before us in argu *453 ment that, for the lower court to proceed as it has determined to do, would work a gross hardship upon the plaintiff in the matter of financial expenditures, which she could not meet. If true, that is unfortunate. But fixed principles and fixed rules cannot be changed to meet such a situation.
We direct attention to the case of State ex rel v Court of Common Pleas of Cuyahoga County, 98 Oh 164, to its syllabus and particularly to the opinion of Judge [Donahue, reported on page 169, wherein it is said:
“In such an action this court has no authority to control the discretion of, or indicate the judgment that should be rendered by, the tribunal having jurisdiction to determine the question involved in the action or proceeding pending before it. On the contrary, the lower court must be left free to enter such judgment as to it seems right and proper. If the judgment entered is erroneous, the party aggrieved thereby has a full and adequate remedy by invoking the appellate and not the original jurisdiction of a reviewing court.”
We direct attention to the authorities cited by Judge Donahue in that opinion, and also to the following supreme court holdings, to-wit:
State ex rel v Public Utilities Commission, 101 Oh St 313
State ex rel v Public Utilities Commission, 114 Oh St 655
State ex rel v Hamilton et al, 127 Oh St 555
State ex rel Jaster v Kautz J., 131 Oh St 103
State ex rel v Young J., 137 Oh St 320
Clearly the plaintiff is not entitled to maintain this action, and we might well terminate our conclusions with this statement. However, this question of whether or not such an action is one in law or in equity has never been determined specifically by the supreme court of Ohio, and so far as. we know by a reported opinion of any court of appeals. In one unreported case, this court, as now, constituted, has passed upon the matter, and we deem it important, for the guidance of counsel,, to set forth our views on this question for what they may be worth.
The prayer .of the third amended answer and “counterclaim” in case No. 444,449 pending in the court of common pleas, asks that an aceountng may be had, a finding made as to the fair value of the services rendered by the defendant; that he be held entitled to an equitable lien upon the funds, in his possession in an amount equal to said funds, and that he be given such other relief as may be deemed equitabie and proper.
Although the petition set forth a cause of action at law, the' prayer of this cross-petition clearly is for equitable relief. The first branch of the syllabus in the case of Buckner v Mear, 22 Oh St 514, is in the following language:
“Although a plaintiff’s cause of action may be triable by jury, yet where new matter set up in the answer constitutes an equitable cause of action, which, if established will extinguish or supersede the case made in the petition, the issues taken on such new matter are triable by the court, and not as of right by a jury. And this is so whether issue is taken on the averments of the petition or not.”'
That case followed the earlier case of Massie v Stradford, et al, 17 Oh St 597. This latter case was originally an action for trespass zo *454 ■real estate. The defendant by cross-petition set up equitable •ownership of the land and asked for equitable relief, and the court .held that the action on the cross-petition was purely equitable, and, from any decree rendered against the plaintiff, he would have the right of appeal. Thus, in effect, holding the action equitable in character.
Counsel direct our attention to two Court of Appeals decisions which we regard as applicable in the instant case. In the case of Walcutt v Huling, 5 O. A. 326, the syllabus is:
*T. A suit may be brought in equity by an attorney to establish a lien for attorney fees upon a fund in court and which has been produced by the efforts of such attorney.
2. In such action neither party is entitled, as a matter of right, to a trial by jury.”
We direct attention to the argument of the court in this action and particularly to the decision on which that court largely relies, to-wit: Hanna v Island Coal Co., 51 Amer. State Reports, 257. The judgment in the Walcutt case was affirmed without report, 92 Oh St 518.
And, in the case of Hyers v Western & Southern Life Insurance Company, it was held that in an action brought by attorneys to fix amount due, and to decree the amount so fixed a lien upon the fund in the possession of a third party, the action is equitable in character.
Reasoning by analogy and adhering to the principles laid down, it seems to us there can be but one conclusion, and that is that the instant action is equitable.
On either or both grounds the relator must fail, and the writ is denied.
LEMERT, PJ., SHERICK, J., concur.